No. 1445—ALFRED MARCHAND v. ROBERT B. BELL and CITY OF NEW ORLEANS and JAMES McKENZIE.

The service of garnishment process fixes the rights of the seizing creditor from the moment the garnishee makes answer to the interrogatories.

The seizing creditor acquires a privilege on the assets in the hands of the garnishee to date from the service of the interrogatories.

The city of New Orleans was indebted to Robert B. Bell in the sum of $5,000; James McKenzie had judgment against R. B. Bell, on which he caused a garnishment process to issue against the city; the answers of the city to the interrogatories disclosed its indebtedness to Bell.

A. Marchand brought suit against Bell and made the city a party, which was not served on the city until after the service of the interrogatories in garnishment. Held that Marchand, the plaintiff, was only entitled to recover the balance due by the city to Bell after paying the amount of McKenzie's judgment.

APPEAL from the Third District Court of New Orleans, *Fellowes*, J. G. *Schmidt* and *E. W. Huntington* for plaintiff and appellee. *Buchanan & Gilmore* for appellants.

WYLY, J. This action is based upon certain orders of Robert B. Bell on the Assistant Treasurer of the city of New Orleans, amounting, in the aggregate, to $5,140, which were not accepted.

Robert B. Bell answered by admitting the claim, but pretending that he had paid it.

The city of New Orleans answered, pleading the general issue, and averring if it ever were indebted to said Bell by reason of any contract or contracts between them, that the same were forfeited as well as any amount that might be due him on account of the failure of said Bell to comply with the terms of said contracts.

On the fifth of September, 1866, the city filed a supplemental answer, repeating the general denial, and averring that since filing the original answer it had made a compromise with Robert B. Bell, and agreed to pay him five thousand dollars in full satisfaction for all his claims; also averring it was "ready and willing to pay the aforesaid sum in full satisfaction of the claim aforesaid to said Bell, or any one duly qualified to receive the same, but cannot do so without a judgment of court, rendered contradictorily with plaintiff in this case, Robert B. Bell, the defendant, William H. Bell, pretending to be the assignee or transferee of said claim of R. B. Bell v. the city and James McKenzie, who has garnished the city." The supplemental answer concludes with a prayer that James McKenzie and W. H. Bell be served with copies of the petition and answer, and be cited to appear in the case and assert their respective claims, and that there be judgment contradictorily with all the parties, declaring how the aforesaid five thousand dollars shall be distributed, and on payment of said sum that the city be released from all further responsibility.

It was admitted on the trial that W. H. Bell had no interest in the matter in question.

James McKenzie answered, alleging that the city owes Bell an amount greatly exceeding the five thousand dollars, and that on the eighteenth of April, 1866, he obtained a final judgment against Robert B. Bell for one thousand eight hundred and eighty-seven dollars and ninety-six cents and interest, and upon said judgment he issued execution, and took out garnishment process against the city of New Orleans, propounding interrogatories according to law, and that said attachment is still in force and effect, and binds the indebtedness of the city to Bell, and entitles him to be paid the amount of his judgment, interest and costs.

On the trial there was judgment against Robert B. Bell for the amount claimed, and it was further ordered that the city of New Orleans pay over to plaintiff, A. Marchand, five thousand dollars, the amount admitted to be due Bell, as contractor, in preference to all other claimants, in part satisfaction of his judgment against Bell. The demand set up by McKenzie was dismissed with costs.

James McKenzie and the city of New Orleans have appealed.

The defendant, Robert B. Bell, has not appealed, and as to him the judgment is now *res judicata*.

The city of New Orleans admits owing Bell the five thousand dollars,

and avers that it is "ready and willing to pay the aforesaid sum" to any one qualified to receive the same.    It makes no contest in this court as to how these funds shall be distributed, only demanding a full discharge upon payment thereof.

The contest for the funds is therefore between the plaintiff and James McKenzie, who served his garnishment process on the city on the eleventh of May, 1866.

It appears that prior to plaintiff's suit, James McKenzie sued out garnishment process against the city on his execution against Robert B. Bell, propounding interrogatories to the city.

The Mayor's answers not being satisfactory, were excepted to and traversed by McKenzie, and additional interrogatories propounded.    On the twenty-ninth of November, 1866, the Mayor, in behalf of the city, answered the additional interrogatories, and admitted that the city had " effected a compromise and full settlement with Bell in full satisfaction for all claims, and whereby the city has promised to pay five thousand dollars," and that proceedings are pending in the suit of A. Marchand v. Robert B. Bell and the city of New Orleans, wherein the said James McKenzie is made party for the distribution of said five thousand dollars.

The rights of James McKenzie were ascertained the moment the city admitted its indebtedness to Bell.    He had seized Bell's funds in the hands of the city; and had acquired attaching creditor's privilege thereon from the day the garnishment process was served, which was prior to the action of plaintiff.

Plaintiff had acquired no privilege on the funds of Bell in the hands of the city.    He simply sued the city on the orders of Bell which it had not accepted.

We do not find in the record any order consolidating this suit with the garnishment proceedings sued out by James McKenzie against the city of New Orleans; indeed, that suit seems to be still pending in the District Court and not disposed of.    At least that case is not now pending before this court on appeal, and we cannot undertake to fix the liability of the city on its answers to the additional interrogatories filed in that case.    From the pleadings and evidence in that case, received in evidence on the trial of this cause, without objection, it appears that the funds of Robert B. Bell were attached in the hands of the city of New Orleans on the eleventh May, 1866, prior to the institution of this suit.

But we are at a loss to know in what capacity Jas. McKenzie appears before this court.    He has not filed a petition of intervention and caused it to be served on the parties to the suit.    If the city in requiring him to be cited and made party to the suit intended to call him in warranty, we cannot permit such pleading; there is no law authorizing such practice, there is no joinder of issue between the appellant, James McKenzie, and the plaintiff, A. Marchand.

We cannot give judgment in favor of James McKenzie for the amount of his demand because " his suit against the city is not before the court." Nor can we decree that the city of New Orleans shall pay over the amount of its entire indebtedness to Bell to the plaintiff, A. Marchand. The record shows that McKenzie has acquired attaching creditor's privilege on Bell's funds in the hands of the city if his demand be correct and just, which must be determined in his proceeding of garnishment against the city.

We cannot concur in the judgment of the court below ordering the city of New Orleans to pay over its entire indebtedness to Bell, to wit: five thousand dollars in part satisfaction of the judgment of plaintiff against the defendant, Robert B. Bell, in preference to all other claimants. We think James McKenzie had acquired attaching creditors' privilege on the funds of Bell in the hands of the city, and he had priority over plaintiff to the amount of his claim. The answer of the city of New Orleans and the garnishment proceedings received in evidence without objection, establish proof of the attachment of the funds of Bell in the hands of the city, at least to an amount equal to the demand of McKenzie. We do not think the city should be ordered to pay over to plaintiff funds attached in the suit of garnishment by James McKenzie.

It is therefore ordered that the judgment ordering the city of New Orleans to pay over to the plaintiff, A. Marchand, five thousand dollars, acknowledged to be due Robert B. Bell, be avoided and annulled, and it is now ordered that plaintiff have judgment against the city of New Orleans for five thousand dollars with five per cent. interest thereon from the fifth of September, 1866, less the amount demanded in the garnishment process by James McKenzie v. the city of New Orleans, to wit: eighteen hundred and eighty-seven dollars and ninety-six one hundredths, with eight per cent. interest on one thousand four hundred and eighty-three dollars and ninty-six cents thereof, from the fifth of July, 1860, and on three hundred and ninety-four dollars thereof from the seventh of April, 1860, and costs of garnishment process, subject to a credit of four hundred and fifty-five dollars and fifty cents, collected on the execution of McKenzie v. Robert B. Bell, on seventeenth July, 1866. It is ordered that the city of New Orleans retain the amount as aforesaid demanded by James McKenzie, and hold the same subject to the action of the District Court in the case of James McKenzie v. the city of New Orleans, without prejudice to the right of the plaintiff, A. Marchand, to intervene in that suit, and contest the validity of the claims of said McKenzie v. Robert B. Bell and the city of New Orleans made party garnishee.

And that plaintiff and appellee pay costs of appeal.