BAILES, Judge.
In October, 1962, The Fidelity & Casualty Company of New York (F&C) became the surety on a bond in favor of Advance, Inc. (Advance) wherein F&C guaranteed the faithful performance by Harris-Smith, Inc., (Harris-Smith) of the conditions of a building contract entered into between Advance and Harris-Smith. This contract was between Advance, as owner, and Harris-Smith, as contractor, for the construction of streets, curbs, gutters, sidewalks and drainage in the development of a residential subdivision known as Park Vista Subdivision.
Prior to April 30, 1963, Harris-Smith became involved in financial difficulty and was unable to pay certain of its suppliers for materials used in the construction work for Advance. The result of this was that various liens were filed on the job for the materials furnished. In performance of its obligation under the bond, F&C paid a total of $42,270.06 in satisfaction of these liens. This was the total amount of all liens filed against the job with the exception of a lien in the amount of $59,000 filed by Continental Engineers, Inc. F&C refused to pay this lien. The validity of the claim of Continental Engineers, Inc., is the subject matter of the companion suit of Advance, Inc. v. Harris-Smith Corporation et al., No. 7275 on the docket of this Court and the opinion in which case was rendered this date and appears in 211 So.2d 343.
In order to preserve its rights F&C filed suit against the defendant herein on April 30, 1963, for the amount it had paid in satisfaction of the above referred to liens. In an effort to prevent the disbursement by Advance to Harris-Smith of the final pay *340 ment due under the above mentioned contract, F&C impleaded Advance as garnishee. In the prayer of the petition of F&C, the latter prayed that Advance be made garnished and served with a copy of the petition and the interrogatories attached and cited to answer the interrogatories under oath in writing, and that after all due proceedings had, there be judgment condemning said garnishee to pay to petitioner a sum sufficient to satisfy said writ (the writ referred to apparently being the writ of fieri facias to be subsequently issued in execution of the judgment hopefully to be rendered in this proceeding) from the funds in its possession now due or which may hereafter become due to be paid to the defendant, Harris-Smith., under its contract with Advance, Inc. By order of the trial court, Advance was made garnishee and ordered to answer under oath the interrogatories propounded. Within the time limit fixed by the court, Advance answered the interrogatory (only one was propounded and this one inquired of Advance the amount remaining to be paid to Harris-Smith, Inc., under the contract) and stated that the sum of $29,570.52 was due and owing under its contract with Harris-Smith.
On June 28, 1963, the following judgment was rendered in this case:
“On motion of Boris F. Navratil of Breazeale, Sachse & Wilson, attorneys for plaintiff, The Fidelity & Casualty Company of New York, and on producing due proof in support of plaintiff’s demand, and the law and the evidence being in favor of plaintiff and against defendant:
“IT IS ORDERED, ADJUDGED AND DECREED that the default entered herein on June 20, 1963, be now confirmed and made final and, accordingly, that there be judgment herein in favor of plaintiff, THE FIDELITY & CASUALTY COMPANY OF NEW YORK, and against defendant, HARRIS-SMITH, INC., in the full sum of Forty-two Thousand Two Hundred Seventy and 06/100 ($42,270.06) Dollars, and for all costs of this proceeding.
“JUDGMENT RENDERED, READ AND SIGNED in open Court this 28th day of June, 1963
s/ COLEMAN LINDSEY Judge, 19th Judicial District Court.”
On October 1, 1963, on motion of the plaintiff, the trial court ordered Advance to pay to the Sheriff for the Parish of East Baton Rouge the sum of $29,570.52 which Advance, on May 3, 1963, admitted was the balance remaining unpaid on its contract with Harris-Smith.
On October 9, 1962, Advance filed a responsive motion wherein it alleged that it did not then have in its possession any sum of money belonging to the defendant, Harris-Smith, and that all of the money it owed to Harris-Smith has been paid into the registry of the district court in the concursus proceedings which Advance convoked in the suit entitled Advance, Inc., v. Harris-Smith Corporation, Fidelity & Casualty Company of New York, et al., No. 96,016 on the docket on the trial court. Advance further alleged that the sum shown in its answer to the interrogatory propounded in this suit to be $29,570.52 was actually an estimate, and that the actual amount due was $23,974.41. Further, the movant alleges that F&C had been cited to appear in the concursus proceedings and was advised, through its attorney, of plaintiff’s intention of depositing the funds in the registry of the court. The movant prayed for and obtained an order of the court for the issuance of a rule nisi against F&C to show cause why an order should not be issued recalling and rescinding the order of the court for Advance to pay said sum to the sheriff.
On October 14, 1963, the plaintiff, by motion, again obtained from the trial court an order for Advance to show cause why it should not be compelled to pay to the *341 Sheriff of East Baton Rouge Parish the sum of $29,570.52. This show cause order was made returnable on October 28, 1963.
When the above stated rules nisi came for hearing on October 28, 1963, it appearing to the trial court that most of the issues involved and much of the evidence admissible in this case would also arise in the concursus proceedings, the court ordered that this case be consolidated, for the purpose of trial and disposition, with the con-cursus proceeding.
Finally on June 1, 1966, judgment was rendered in the district court in favor of Advance and against the plaintiff recalling and rescinding the orders of the court a quo which compelled Advance to pay to the Sheriff of East Baton Rouge Parish the sum of $29,570.52, with the plaintiff, F&C, to pay all court costs incident there-, to.
Within a few days after this judgment was signed on June 1, 1966, plaintiff applied to this court for writs of certiorari, prohibition and mandamus in which application plaintiff was attempting to overturn the judgment of the trial court in recalling and rescinding the said orders. This court denied plaintiffs application on the ground that the relator had an adequate remedy by appeal from the final judgment in the concursus proceeding.
This is an appeal from the judgment of the trial court recalling the previously obtained order of the court compelling Advance to pay to the Sheriff of East Baton Rouge Parish the sum of $29,570.52 which Advance stated in answer to the interrogatory that it owed to Harris-Smith.
The argument of the plaintiff F&C is that under the provisions of LSA-C.C.P. Article 2411, in garnishment proceedings, seizure takes effect upon service on the garnishee of the petition, citation and garnishment interrogatories. Its argument further advances the position that under Article 2413 the garnishor need only obtain a judgment against the garnishee when the latter fails to answer. It reasons that when Advance, Inc., was served with the garnishment, any funds owed to Harris-Smith were seized and when Advance admitted owing $29,570.52 to Harris-Smith and when plaintiff obtained its $42,000 judgment against Harris-Smith, this was tantamount or equal to a judgment against Advance to deliver the funds, at least as soon as the contract was completed and the money due to the Sheriff in satisfaction of the judgment. Accordingly, when Advance accepted the work as completed on June 12, 1963, the court, on October 1, 1963, properly ordered Advance to pay the funds to the Sheriff, and that thereafter the surety should not have been subjected to> the additional burden of having to litigate its entitlement to the money all over again in the concursus proceedings. In fact, plaintiff argues that it was improperly impleaded in the concursus proceeding for under the provisions of LSA-C.C.P. Article 4652 states that no claimant may be im-pleaded in a concursus proceeding whose claim has been prosecuted to judgment.
Plaintiff further argues that its position has been recognized and maintained in Martin v. General American Casualty Company (1954) 226 La. 481, 76 So.2d 537, 46 A.L.R.2d 1178 and in Marchand v. Bell (1869) 21 La.Ann. 33.
Our understanding of the circumstances which gave rise to this suit is this: The plaintiff was the surety for the defendant on a certain building contract. For reasons not necessary to relate here, the contractor was unable to pay claims of certain fur-nishers of materials which necessitated the filing of liens on the property on which the materials had been furnished. Recognizing its obligation under the bond it furnished the owner, Advance, for the faithful performance of the contract by Harris-Smith, the plaintiff paid claims the total of which exceeded $42,000. At the time of filing this suit, Advance owed or would *342 owe Harris-Smith a balance due under the contract price. This amount was finally determined by Advance to be $23,974.41. Under the express conditions of the Agreement of Indemnity entered into between plaintiff and defendant at the time the plaintiff furnished the bond for the defendant, we find that defendant granted to plaintiff an assignment of the unpaid portion of the contract price by reason of the default of defendant of its contract with Advance.
Plaintiff’s petition contains the following prayer for the issuance of a writ of sequestration: “That a writ of sequestration issue herein in due form as prescribed by law, commanding the Sheriff of the Parish of East Baton Rouge, to sequester and take into his possession, any money received by Harris-Smith, Inc. under its contract with Advance, Inc. and presently in its possession and any and all rights of Harris-Smith, Inc. under said contract including the right to receive future payments under the contract. * * Under this prayer the Clerk of Court did issue a writ of sequestration to the Sheriff of East Baton Rouge Parish to sequester and take into his possession “any money received by Harris-Smith, Inc. under its contract with Advance, Inc. and presently in its possession any and all rights of Harris-Smith, Inc. under said contract including the right to receive future payments under the contract,” and the return of the Sheriff states that he did on the 30th day of April, 1963, sequester the within described property by taking physical possession of same, however, the return does not show upon whom it was served nor is there an inventory of property seized in the record.
From the record we determine that no writ of sequestration was directed against any property in the possession or under the control of Advance. As shown above the judgment rendered in this case makes no mention that the writ of sequestration was maintained or the privilege on any property whatever was recognized.
LSA-C.C.P. Article 3511 provides:
“A creditor who seizes property under a writ of attachment or of sequestration acquires a privilege from the time of seizure if judgment is rendered maintaining the attachment or sequestration.”
Furthermore, LSA-C.C.P. Article 2412 has not been complied with, and in the absence of compliance therewith, no seizure of property in the hands of the garnishee is effected. This article provides:
“Art. 2412. The sheriff shall serve upon the garnishee the citation and a copy of the petition and of the interrogatories, together with a notice that a seizure is thereby effected against any property of or indebtedness to the judgment debtor. « ”
We determine that the plaintiff has no legal preference funds which Advance owed to Harris-Smith for the reasons that no sequestration was directed to nor made of these funds, no seizure was made of funds in the hands of Advance, and no judgment was rendered maintaining the sequestration, if it could be assumed, arguendo, that these funds were in fact seized.
We find the two cases relied on by the plaintiff as supportive of its position, cited supra, inapposite to the facts of the instant case. In Marchand v. Bell, the court recognized the claim of James McKenzie, a judgment creditor of Bell, as preferred to that of the plaintiff, Marchand, for the reason that McKenzie was a judgment creditor at the time the garnishment proceedings were instituted against the City of New Orleans. Clearly, the facts distinguish the cited case from the instant case. In Martin v. General American Casualty Company, the seizing creditors had obtained judgment in the trial court recognizing the seizure of the property (the bonds) and also the first lien on the property.
For the reasons assigned above, the judgment of the district court is affirmed, at appellant’s cost.
Affirmed.